IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW CLAYTON LLOYD,

    Petitioner,

vs.                                                                                       No. CIV 22-0666 JB/JMR
                                                                                     No. CR 08-3048 JB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from Matthew Lloyd to United States District Court (dated December 24, 2023), filed January 2, 2024 (CIV Doc. 11)("Motion to Withdraw"). Construed liberally, the Motion to Withdraw voluntarily seeks to dismiss Petitioner Matthew Clayton Lloyd's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 13, 2023 (CIV Doc. 8)("Amended § 2255 Motion"). Having considered the record and applicable law, the Court grants the Motion to Withdraw and dismiss this habeas case without prejudice.

## BACKGROUND

Lloyd is incarcerated at Lee United States Penitentiary in Jonesville, Virginia, and is proceeding pro se. See Motion to Withdraw at 2. In 2009, Lloyd pled guilty to carjacking in violation of 18 U.S.C. § 2119; two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). See Plea Agreement (dated February 5, 2009), filed February 5, 2009 (CR Doc. 4). The Court sentenced him to twenty-seven years (224 months) imprisonment. See Judgment in a Criminal Case, filed October 6, 2009 (CR Doc. 7). Lloyd filed his first 28 U.S.C. § 2255 motion in 2016. See Amended Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24,

2016 (CR Doc. 12)("2016 Motion").  The Court dismissed the 2016 Motion after determining the claims fail as a matter of law.  See Memorandum Opinion and Order, filed August 31, 2016 (CR Doc. 16).

Lloyd initiated this § 2255 case on September 9, 2022, by submitting his Letter to the Court (dated September 5, 2022), filed September 9, 2022 (CIV Doc. 1; CR Doc. 29)("Opening Letter-Pleading").  In the Opening Letter-Pleading, Lloyd explains that he wishes to assert a second or successive habeas claim under 28 U.S.C. § 2255 and United States v. Taylor, 142 S. Ct. 2015 (2022).  See Opening Letter-Pleading at 1.  The Opening Letter-Pleading purports to challenge Lloyd's convictions in two separate criminal cases: CR No. 07-2238 JB and CR No. 08-3048 JB.  See Opening Letter-Pleading at 1.  The Clerk's Office opened a § 2255 habeas case associated with each criminal proceeding.  This habeas case, CIV No. 22-0666 JB/JMR, is associated with criminal case CR No. 08-3048 JB, while habeas CIV No. 22-0665 JB/KK, is associated with criminal case CR No. 07-2238 JB.  The matters have not been consolidated.  The Court referred this habeas case, CIV No. 22-0666 JB/JMR, to the Honorable Jennifer Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed March 31, 2023 (CIV Doc. 5).

By an Order entered May 10, 2023, Magistrate Judge Rozzoni directed Lloyd to clarify his claims using the form 28 U.S.C. § 2255 motion.  See Order Directing Cure and Declining to Appoint Counsel, filed May 10, 2023 (CIV Doc. 6)("Cure Order").  The details set forth in the form motion are necessary to evaluate whether any successive habeas petition should be dismissed for lack of jurisdiction or, alternatively, if the claim has merit, transferred to the United States Court of Appeals for the Tenth Circuit.  See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(setting out

the options with respect to successive habeas claims). Lloyd filed the Amended § 2255 Motion in this civil habeas case on June 13, 2023. See Amended § 2255 Motion at 1. Two weeks later, on June 27, 2023, Lloyd also filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 By a Person in Federal Custody in the Tenth Circuit, Appellate Case 23-2094 ("Tenth Circuit Application"); In re Cline, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Court of Appeals] has granted the required authorization.").

On July 13, 2023, the Tenth Circuit denied authorization for Lloyd to prosecute a second or successive § 2255 claim. See Appellate Case 23-2094, Order in In Re: Matthew Clayton Lloyd, 10th Cir., filed July 13, 2023, United States Court of Appeals for the Tenth Circuit ("Tenth Circuit Order"). The Tenth Circuit Order notes that Lloyd cannot succeed on his proposed successive claim under United States v. Taylor. See Tenth Circuit Order at 3. United States v. Taylor involves attempted robbery under the Hobbs Act, while Lloyd's conviction involves armed bank robbery under a different criminal statute. See Tenth Circuit Order at 3. Lloyd filed the Motion to Withdraw in both pending § 2255 habeas cases on January 2, 2024. See Motion to Withdraw at 1. Lloyd notifies this Court of the Tenth Circuit Order and acknowledges he cannot assert a successive § 2255 claim. See Motion to Withdraw at 1. The Court discerns that Lloyd wishes to dismiss voluntarily this case pursuant to rule 41 of the Federal Rules of Civil Procedure, and the matter is ready for review.

## **ANALYSIS**

Rule 41(a) of the Federal Rules of Civil Procedure gives plaintiffs an absolute right to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). See Janssen v. Harris, 321 F.3d 998, 1000

(10th Cir. 2003)(noting the right to dismiss under rule 41(a)(1)(A)(i) is "absolute"). Courts regularly apply rule 41 to habeas corpus proceedings. See DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(unpublished)[1](affirming district court's dismissal of habeas petition under Rule 41); Hodge v. Utah, 669 F. App'x 942 (10th Cir. 2016)(unpublished)(affirming district court ruling and noting "petitioner doesn't advance any contention of error in the district court's dismissal of his [habeas] case under Rule 41(b)"). Cf. Manygoat v. Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b)).

Respondent United States of America has not entered an appearance in this habeas case, or filed an answer or summary judgment motion. Lloyd therefore qualifies for voluntary dismissal without prejudice under rule 41(a). Based on the above authority, and because Lloyd cannot obtain the necessary authorization to pursue a successive § 2255 claim, the Court will grant the Motion to Withdraw and permit Lloyd to dismiss voluntarily the Amended § 2255 Motion without prejudice. To the extent necessary, the Court will also deny a certificate of appealability ("COA") under rule 11 of the Rules Governing § 2254 Proceedings in the United States District Courts, as the failure

---

[1] DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent that its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that DeAtley v. Williams, and Hodge v. Utah, 669 F. App'x 942 (10th Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

to prosecute this case is not reasonably debatable.  See DeAtley v. Williams, 782 Fed. App'x 736, 737 (10th Cir. 2019)(declining to issue a COA after district court dismissed habeas petition under rule 41).  For clarity, this ruling applies to the habeas petition pending in habeas case CIV 22-0666 JB/JMR, associated with criminal case CR No. 08-3048 JB.  The Court will consider separately Lloyd's request to withdraw his habeas petition pending in habeas CIV No. 22-0665 JB/KK, associated with CR No. 07-2238 JB, as the two habeas proceedings have not been consolidated.

**IT IS ORDERED** that: (i) the Petitioner's request in the Letter from Matthew Lloyd to United States District Court (dated December 24, 2023), filed January 2, 2024 (CIV Doc. 11), is granted; (ii) the Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 13, 2023 (CIV Doc. 8), is dismissed without prejudice; and (iii) the Court will enter a separate Final Judgment closing this civil habeas case, CIV 22-0666 JB/JMR.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Matthew Clayton Lloyd
Jonesville, Virginia

    *Petitioner pro se*